·No. 6747.

WILLIAM A. GORDON vs. MISS MARIE C. GOULÉ.

The Second District Court for the parish of Orleans is without jurisdiction of a suit, brought by the purchaser of property at a tax sale, to be put in possession of the property.

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.*

*Henry Denis* for plaintiff and appellee.

*J. Caldwell Peirce* and *J. S. Whitaker* for defendant and appellant.

The opinion of the court was delivered by

EGAN, J. The plaintiff instituted this proceeding in the Second District Court of the parish of Orleans to be put in possession by the sheriff of property alleged to have been purchased at tax sale and described in the act of sale exhibited by him as "a certain lot of ground in square number one hundred twenty-five, bounded by Rampart, Basin, Custom-

Gordon vs. Goule.

house, and Bienville streets, having thirty-five feet front on Rampart street, with one hundred and twenty-eight feet in depth." The number of the lot is not given, and it would be impossible from this description to locate it with sufficient certainty to guide the court in adjudging or the sheriff in giving possession if the matter were properly before us; as it is not. The defendant excepted to the jurisdiction of the Second District Court *ratione materiœ*. The exception should have been maintained. The jurisdiction of the Second District Court is exclusively probate. Const. art. 83.

It can not be supposed that it was the purpose of the Legislature to enlarge the jurisdiction of that court, so specifically defined and limited in the constitution itself, by the terms used in act forty-seven of 1873 or act 105 of 1874, both general statutes for the forced collection of delinquent taxes, and regulating proceedings against delinquent taxpayers and their property, when that object or subject is not expressed in the title or body of either act. No such intention can be legally inferred from the general use of the terms "district or parish court" in the fourth section of the former act, nor of the terms "any district or parish judge" in the third section of the latter.

These are the provisions of law relied upon to sustain the plaintiff's demand. It is unnecessary to pass upon the other questions raised in the record.

It is therefore ordered, adjudged, and decreed that the judgment of the court below be and it is annulled, avoided, and reversed; that the defendant's exception to the jurisdiction of the Second District Court of Orleans be sustained and the plaintiff's demand dismissed with costs of both courts.